IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN P. O'CONNOR and ANTHONY HELFER<br>*Trustees of the UFCW Local 23 and Employers Pension Fund*,<br>　　　　　　Plaintiffs,<br><br>　　　　　　v<br><br>A.R.V., INC.,<br>　　　　　　Defendant. | )<br>)<br>)<br>)　2:11-cv-181<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending now before the Court is PLAINTIFFS' ANSWER TO RULE TO SHOW CAUSE (Document No. 4), with exhibits in support. Plaintiffs report that they have been unable to effectuate service upon Defendant A.R.V., Inc. ("ARV"), despite alleged diligent efforts to do so.

Plaintiffs filed the Complaint in this case on February 10, 2011 to recover contributions allegedly owed by ARV to a multi-employer pension fund. The Complaint alleges that ARV maintained an office and place of business in Cranberry Township, Butler County, Pennsylvania. A summons was issued the same day. No further docket activity occurred until August 2, 2011, when the Court sua sponte issued a Rule to Show Cause why this case should not be dismissed for failure to effectuate timely service.

Plaintiffs report that they have made numerous good-faith efforts to serve ARV. On February 16, 2011, counsel mailed a copy of the Complaint, Notice of Lawsuit and Request for Waiver of Service of Summons to ARV at its registered office located at 202 Star View Lane Extension, Cranberry Township, PA 16066. This mailing was returned to sender, with a notation that the building was vacant. On February 25, 2011, counsel mailed the documents to ARV's

1

President, Andrew Vasko, at 7009 Franklin Road, Cranberry Township, PA 16066. The letter was not returned to sender as undeliverable, but no "waiver of service" form was executed and returned on behalf of ARV. On April 20, 2011, a process server unsuccessfully attempted personal service at the Franklin Road address. The "proof of service" form indicates that the process server spoke with the current resident, who informed him that Vasko and/or ARV had moved and left no forwarding address. Thereafter, Plaintiffs attempted to obtain a new address from the U.S. Postal Service, which also advised that Vasko had moved and left no forwarding address. Apparently, ARV's corporate registration with the Commonwealth remains active and lists the Star View Lane and Franklin Road addresses.

Plaintiffs request permission to effectuate service by first class mail to the Star View Lane and Franklin Road addresses. Plaintiffs cite no rule or case authority for this approach. Nor does it seem reasonably calculated to provide actual notice. Accordingly, that request is DENIED.

Plaintiffs further request that the Court not dismiss this case. Pursuant to Fed. R. Civ. P. 4(m), if a defendant is not served within 120 days after the complaint is filed, the case may be dismissed. However, if Plaintiff shows good cause for the failure to serve, the Court "must" extend the time for service. Accordingly, the case will not be dismissed and Plaintiffs shall have thirty (30) days to effectuate service or seek a further court order.

Federal Rule of Civil Procedure 4(h) governs service on a corporation. Rule 4(h) incorporates the service methods set forth in Rule 4(e), which include service in accordance with the law of the state in which the district court is located. Pennsylvania provides a mechanism for alternative service as a last resort when a party's good faith reasonable efforts by regular service methods have been unsuccessful.

Pennsylvania Rule of Civil Procedure 430(a) states:

(a) If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

The Court notes that Plaintiffs have not satisfied the "affidavit" prerequisite in their instant filing. Moreover, in *Barbosa v. Dana Capital Group, Inc.*, 2009 WL 902339 (E.D. Pa. 2009) (denying request for alternative service under similar facts), the Court held that a plaintiff who moves for alternative service, such as service by publication, must establish: "(1) a good faith effort to locate the defendant; (2) practical efforts to serve the defendant under the circumstances; and (3) a method of alternative service that is reasonably calculated to provide the defendant with notice." *Id*. at *4 (citations omitted). *See also Power Corp. of Canada v. Power Financial*, 2009 WL 982750 (M.D. Pa. 2009) (authorizing service by email under similar facts). If Plaintiffs seek an alternative method of service, they must comply with all of these procedural prerequisites.

In accordance with the foregoing, PLAINTIFFS' ANSWER TO RULE TO SHOW CAUSE (Document No. 4) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are not entitled to serve the summons by first class mail at locations which ARV no longer occupies. However, this case will not be dismissed and Plaintiffs shall have thirty (30) additional days to effectuate proper service or seek a further order of court.

SO ORDERED this 22nd day of August, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Tony J. Thompson, Esquire**
    Email: tjt@muslaw.com